The judgment of the court was pronounced by
Preston, J.
Delia D. Webb was married to William Wikoff. He died leaving three minor children, the issue of the marriage, of whom the surviving widow was confirmed as tutrix by nature.
In February, 1847, being about to contract a second marriage, with Adolphe Garrigues, she presented a petition to court to convene a family meeting to recommend that she should be retained as tutrix of her minor children. The family meeting was ordered, but did not take place, and the second marriage was solemnized.
After her marriage she applied again for the convocation of a family meeting to recommend her appointment as tutrix to her minor children; and the family meeting did so, but upon conditions, which she declined to accept, and the declarations of the family meeting were not then homologated.
Lewis A. Webb, the under-tutor of the minors, then applied, representing these facts to the court, and asked that a family meeting might be convened to recommend a tutor. The meeting was convened and again offered to recommend the mother as tutrix, ¡upon the conditions before proposed, which she again refused; and thereupon the family meeting recommended that Amos Webb, the grand-father of the minors, should be appointed tutor.
The under-tutor applied for the homologation of the proceedings of the family meeting, which was opposed by the mother. She moreover applied for the homologation of the proceedings by which she was recommended as tutrix upon conditions, except as to the conditions which she prayed might be rejected by the court. The court homologated the proceedings rejecting the conditions, and appointed her tutrix. The under-tutor has appealed.
It has been held, that the natural tptrix contracting a second marriage without being r-etained in the tutorship upon the recommendation of a family meeting of the minors, loses all right to the same, and must be appointed dative tutrix in the same manner as any other dative tutor, and must comply with all the requisites of law. See the case of the Minors Mossy, 3 R. R. 393. Code, art. 272, 288. Code of Practice, 950, 951.
The first requisite is, that the tutor should be recommended to the court by a family meeting of the minors. The appellee contends, that she has been so recommended, because the family meeting had no right to prescribe conditions. That is true; but it is clear to us they did not intend to recommend her except upon the acceptance of those conditions. One of the members of the family meeting, having been examined as a witness, testifies, that he would not have consented to the recommendation without the conditions prescribed by them for the security. The nearest relations of the minors on two occasions formally convened, and acting under the obligations of their oath and their duty to their minor relatives, manifested their fixed determination not to recommend that the mother should resume the tutorship unless she made arrangements prescribed, which they deemed necessary for the security and productiveness of the minors’ property, and their welfare. It cannot, therefore, be said, that there was the recommendation required by law to authorize her appointment as tutrix.
Nevertheless, as the family meeting acted in error in prescribing the security to be given by the tutor, which alone belonged to the court, and as the mother should be charged with the sacred trust of tutrix to her children if it is pos *597 sible, we think justice requires, thatthis cause should be remanded to convene the family meeting again, to recommend to the court the most suitable person to be appointed tutor, without considering the security to be given.
It is ordered, that the judgment of the district court be reversed, and that the case be remanded to the district court for further proceedings according to law; and that the appellee pay the .costs of .this app.eal.